UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM KINNEY and <br> MARGARET KINNEY, <br>       Plaintiffs, <br> v. <br> ANDERSON LUMBER COMPANY, INC. <br> KIZER & BLACK ATTORNEYS, PLLC, <br> McDONALD, LEVY, & TAYLOR, P.C., <br>       Defendants. | No.: 3:18-CV-227-TAV-HBG |

## **MEMORANDUM OPINION**

Plaintiffs William and Margaret Kinney, proceeding pro se, initiated this action on June 8, 2018, when they simultaneously filed their complaint [Doc. 1], motion for summary judgment [Doc. 2], and motion to enjoin state court proceedings [Doc. 4]. This is plaintiffs' fourth attempt at persuading this Court to review or otherwise enjoin litigation in state court between plaintiffs and defendant Anderson Lumber Company ("Anderson").[1] Defendants responded by filing their respective motions to dismiss, with Anderson and McDonald, Levy & Taylor ("MLT") alleging insufficient service of process [Docs. 8, 9] and Kizer &

---

[1] *See Anderson Lumber Company, Inc. v. Kinney et al.,* Case No. 3:17-CV-288 (granting plaintiff's motion to remand); *Kinney et al. v. Anderson Lumber Company, Inc., et al.*, Case No. 3:16-CV-78 (granting in part defendants' motions to dismiss, and ultimately granting defendants' motions for judgment on the pleadings) (aff'd, Case No. 18-5146 (6th Cir. 2018)); *Anderson Lumber Company, Inc. v. Kinney et al.*, Case No. 3:15-CV-324 (granting plaintiff's motion to remand).

Black Attorneys, PLLC ("KBA") alleging that plaintiffs failed to state a claim [Doc. 10].[2] Based on the Court's review of plaintiffs' complaint, which alleges a claim under 42 U.S.C. § 1983 as well as state law claims for emotional distress and invasion of privacy, the Court ordered plaintiffs to show cause why this case should not be dismissed against all defendants for failure to state a claim upon which relief can be granted [Doc. 26]. Plaintiffs' responded, albeit seven days after the Court's fourteen-day deadline [Doc. 28]. Although the Court also gave defendants an opportunity to respond within seven days of the filing of plaintiffs' response, defendants did not do so. Still, for the reasons stated below, the Court will dismiss this action with prejudice, with respect to all defendants, for failure to state a claim upon which relief can be granted.

**I.    Background**

On July 18, 2018, this Court entered an order [Doc. 14] declaring that the instant matter is related to *Kinney et al. v. Anderson Lumber Company, Inc., et al.,* Case No. 3:16-CV-78, which is, in turn, related to *Anderson Lumber Company, Inc. v. Kinney, et al.,* Case No. 3:15-CV-324. The litigation between plaintiffs and defendants began when Anderson, represented by MLT and KBA, sued plaintiffs in the Circuit Court for Blount County, Tennessee, Equity Division ("the state action") [3:15-CV-324, Doc. 3 pp. 7–8]. In the

---

[2] In its motion to dismiss, defendant KBA also urged this Court to preclude plaintiffs from re-litigating the issue of state action under 42 U.S.C. § 1983 on res judicata and collateral estoppel grounds. Specifically, KBA pointed to this Court's prior decision in Case No. 3:16-CV-78 dismissing plaintiffs' similar § 1983 claim against defendants for failure to plead facts sufficient to establish state action or conspiracy. While KBA's arguments are persuasive in this regard, they will not be addressed at length due to plaintiffs' failure to state a claim against all defendants in this case.

2

instant complaint, similar to that filed in 3:16-CV-78, plaintiffs allege that defendants violated a number of plaintiffs' constitutional rights in the course of litigating the state action.[3]

Specifically, plaintiffs state that defendants "unilaterally scheduled a hearing at state court for Monday, June 12, 2017," and that plaintiffs received notice of this hearing in the mail on June 5, 2017 [Doc. 1 p. 3]. Perceiving this notice to be improper,[4] plaintiffs informed counsel for Anderson that they would not attend the hearing [*Id.* n. 1]. When plaintiffs failed to appear, Margaret Kinney's counterclaim was consequentially dismissed without plaintiffs having had the opportunity to present evidence in support of it [*Id.* pp. 4–5].

On July 2, 2017, plaintiffs further state that they received a letter from Stephen Ogle, Clerk and Master of the Blount County Circuit Court, containing a copy of the order subsequently filed as a result of the June 12 hearing [*Id.* p. 5; Doc. 1-1 pp. 10–20]. Affixed to the front of that copy was a note instructing the recipient: "This order needs to be signed by you before submitting for Judge's signature" [Doc. 1-1 p. 10]. Plaintiffs assert that defendants drafted the order and submitted it to the Blount County Circuit Court for the judge's signature [Doc. 1 p. 6].

---

[3] For purposes of this opinion, the Court accepts all well-pled factual allegations in plaintiff's complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] Plaintiffs assert that they only had four days to prepare for the hearing [Doc. 1 p. 3]; however, based on the dates provided by plaintiffs, the Court counts seven days between June 5 and June 12, or five if Saturday and Sunday are excluded. Plaintiffs further assert that this service was improper under Tennessee Rules of Civil Procedure 6.01 and 6.05 [*Id.* p. 4].

Based on these facts, plaintiffs allege that defendants "acted alone under color of state law . . . and also together with the state court . . . to deprive Plaintiff's [sic] of their right to due process [*Id.* pp. 3–6]. Accordingly, plaintiffs bring suit and seek damages under 42 U.S.C. § 1983 [*Id.* pp. 8–9].

## II.     Standard of Review

To meet the pleading standard set forth in Federal Rule of Civil Procedure 8(a)(2), a complaint filed in federal court need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In assessing whether dismissal is proper, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). This "context-specific" inquiry requires the court "to draw on its experience and common sense." *Id.* at 679. In doing so, the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). However, the presumption of truth applicable to factual allegations does not apply to "legal conclusions." *Ashcroft*, 556 U.S. at 678. Rather, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

A pro se complaint should "be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For instance, federal pleading standards do not permit pro se litigants to proceed on pleadings that are not readily comprehensible. *See Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding a district court's dismissal

5

of a pro se complaint containing "vague and conclusory allegations unsupported by material facts").

## III. Analysis

### A. Plaintiffs fail to allege sufficient facts to support a claim under § 1983

In order to prevail on a § 1983 claim, plaintiffs are required to prove two elements: (1) they were "deprived of a right secured by the Constitution or laws of the United States," and (2) they were "subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000). Here, plaintiffs allege that defendants violated their right to due process by scheduling and holding a hearing in state court without giving plaintiffs proper advanced notice. But even taking all of plaintiffs' factual allegations as true, plaintiffs have failed to present "enough facts to state a claim to relief that is plausible on its face" because none of these facts permit a reasonable inference that defendants acted "under color of state law" for purposes of § 1983. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Plaintiffs allege that "defendants have acted alone under color of state law for the purposes of 42 U.S.C. § 1983, and also together with the state court for the purposes of a conspiracy under 42 U.S.C. § 1983" [Doc. 1 p. 3]. With respect to the former, despite multiple opportunities to do so, plaintiffs have provided no facts or explanation to support their contention that defendants—all private entities—are state actors capable of acting

"alone under color of state law."[5] Plaintiffs appear to recognize this shortcoming, since they spend far more time arguing that defendants acted jointly with the state court to deprive them of their constitutional rights [*see id.* pp. 5–7]. Accordingly, the Court will focus its analysis on plaintiffs' theory of conspiracy under § 1983.

"If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983." *Cooper v. Parrish,* 203 F.3d 937, 952 n.2 (6th Cir. 2000). The Supreme Court has held that that "[p]rivate parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983." *Dennis v. Sparks,* 449 U.S. 24, 29 (1980). But "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Id.* at 28. Rather, to plead a § 1983 conspiracy, plaintiffs must allege that: "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed." *Revis v. Meldrum,* 489 F.3d 273, 290 (6th Cir. 2007).

---

[5] Plaintiffs briefly—in their response to KBA's motion to dismiss—argued that attorneys for KBA should be considered state actors because "they are officers of the court duly licensed by the State of Tennessee under oath to 'support the federal and state constitution'" [Doc. 22 p. 8]. Nonetheless, this argument is untenable. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (citing *Polk*) ("Application of the *Lugar* test does not change the vast weight of authority that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.").

The only facts that plaintiffs present in support of their theory of a conspiracy are that defendants drafted the order for the June 12, 2017 hearing in state court and submitted it for the judge's signature, and that the state court ultimately entered that order [Doc. 1 pp. 5–6; Doc. 28 p. 12]. The Court accepts these facts as true; however, plaintiffs nonetheless fail to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. Drawing on the Court's "experience and common sense," 556 U.S. at 679, it is not plausible that a conspiracy exists between defendants and the state court on these facts. In practice, lawyers routinely draft orders for the court to enter. This is particularly true where a litigant's motion is unopposed, as would have been the case here when plaintiffs did not attend the June 12 hearing. In fact, this practice is explicitly stated in the local rules adopted by the Circuit Court of Blount County. Blount Cty. L.R. II.11.[6] Given the commonplace nature of this practice and the complete absence of facts to suggest that a plan or conspiratorial objective existed between defendants and the state court judge, the Court concludes that plaintiffs have not sufficiently alleged the existence of a conspiracy.

**B.**  **The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims**

Plaintiffs have also cursorily alleged state law claims of emotional distress and invasion of privacy [Doc. 1 pp. 8–9]. Although it appears clear from the complaint that

---

[6] "11.  Preparation, Submission and Entry of Orders and Judgments in civil matters.
    (a)    The Court will designate a counselor to prepare the order or judgment. . . .
    (c)    Orders, decrees, and judgements shall be submitted to the Court for signing within ten (10) days of the date judgment is announced. . . ."

plaintiffs have also failed to allege any facts to support these claims, the Court nonetheless declines to address them.

Here, federal jurisdiction is based on plaintiffs' federal claim under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331 (granting federal courts original subject matter jurisdiction over claims involving a federal question). It does not appear that any other basis for federal jurisdiction is satisfied, including diversity jurisdiction. *See* 28 U.S.C. § 1332. Still, federal courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. However, a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c).

Here, plaintiffs' state law claims would appear to fall under the Court's supplemental jurisdiction, but as discussed, the Court will dismiss the only claim over which it has original jurisdiction in this case, that is, plaintiffs' federal § 1983 claim. In its discretion, the Court will not exercise supplemental jurisdiction over plaintiffs' state law emotional distress and invasion of privacy claims. Accordingly, the Court will dismiss these claims.

## IV. Conclusion

Plaintiffs have not stated a valid § 1983 claim against any defendant, and the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

9

Accordingly, this case will be **DISMISSED** with prejudice. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

Furthermore, given these plaintiffs' history of filing frivolous claims against defendants in this Court, plaintiffs will be **PRECLUDED, RESTRAINED,** and **ENJOINED** from filing any new civil actions in the United States District Court for the Eastern District of Tennessee **without first obtaining written certification from this Court that the complaint has some legal and factual merit**.[7] The requirements for obtaining such certification have been included in the Order accompanying this Memorandum Opinion. Nothing herein or in the accompanying Order shall be construed as having any effect on plaintiffs' ability to defend themselves in any civil or criminal action which has been or may be brought against them.

AN APPROPRIATE ORDER WILL ENTER.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *See, e.g., Siller v. Haas*, 21 F. App'x 270, 271–72 (6th Cir. 2001) (enjoining petitioner from filing any civil lawsuits alleging factual or legal claims based upon or arising out of claims in the present action without first obtaining written certification from a judge that the claims asserted are not frivolous and that the suit is not brought for any improper purpose); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (holding the proper procedure for handling a harassing or vexatious filer is to enter an order requiring leave of court before the individual may file any further complaints, motions, or other documents).